IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE ANN HOWELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 10-cv-1302 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER OF COURT</u>**

Pending before the Court is PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY FEES AND IN THE ALTERNATIVE TO AWARD ANY APPROVED FEE AGAINST THE U.S. GOVERNMENT PURSUANT TO 28 U.S.C. § 2412 (EAJA) (Document No. 12).  In support of the motion, Richard Urick, counsel for Plaintiff Joyce Ann Howell, has submitted the Fee Agreement with his client, an Itemization of Services Rendered, an Affidavit regarding his hourly billing rate, and an assignment by Howell to Urick of any EAJA award of fees.  Defendant filed a response in opposition to the motion (Document No. 13) and it is ripe for disposition.

<u>Factual and Procedural History</u>

Howell brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied her applications for supplemental security income ("SSI") and

1

disability insurance benefits ("DIB") under Title II and Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-403; 1381-1383(f).  The primary issue was whether the Administrative Law Judge ("ALJ") had properly considered Howell's history of seizures.  On June 28, 2011, after a careful review of the entire record, the Court issued a Memorandum Opinion and Order which found that the ALJ had failed to explain his rejection of evidence from two treating physicians, Dr. Shetty and Dr. Carey, and had minimized the actual extent of Plaintiff's seizure history.  Accordingly, the Court granted Howell's motion for summary judgment; denied Defendant's motion for summary judgment; and remanded the case to the Commissioner for reconsideration, rehearing, and/or further proceedings.

As the prevailing party at the District Court, Plaintiff's counsel then filed the pending fee petition for services rendered at the District Court level pursuant to 28 U.S.C. § 2412.  The Fee Agreement between Howell and Urick provided two alternative calculations:  (1) a contingent fee of 25% of past due benefits or $5,300, whichever is less; or (2) a contingent fee at the rate of $135/hour for services rendered at the District Court level.  Plaintiff seeks an award of counsel fees at the District Court level of $3,753.00 plus costs of $350.00.

The government does not challenge the appropriateness of a fee award or the hourly rate claimed by attorney Urick.  The government merely contends that the hours claimed for several of the tasks performed were excessive.  The government submits that Plaintiff's EAJA fee award should be reduced from $3,753.00 to $2,875.50.

Discussion

The entire amount of the controversy now at issue is $ 877.50.  It is not a prudent use of judicial resources to engage in an extensive analysis.

Suffice it to say that the Court has reviewed attorney Urick's Itemization of Services Rendered.  The Court has also reviewed each of attorney Schollaert's objections to the hours claimed.  The Court agrees with the government that the total hours should be 27.8, rather than 29.5.  However, the Court disagrees with all of the government's specific objections.  In particular, the government's second-guessing of the 19.5 hours spent to review the transcript and prepare a brief in this "simple" case is entirely unpersuasive.  There was an extensive medical record, the government vigorously defended the ALJ's decision -- and filed a twenty (20) page brief – and Plaintiff's brief was compelling and effective.  The remainder of the government's objections are without substantive merit.

Conclusion

In accordance with the foregoing, PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY FEES AND IN THE ALTERNATIVE TO AWARD ANY APPROVED FEE AGAINST THE U.S. GOVERNMENT PURSUANT TO 28 U.S.C. § 2412 (EAJA) (Document No. 12) will be **GRANTED**.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE ANN HOWELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 10-cv-1302 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 5th day of December, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1. PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY FEES AND IN THE ALTERNATIVE TO AWARD ANY APPROVED FEE AGAINST THE U.S. GOVERNMENT PURSUANT TO 28 U.S.C. § 2412 (EAJA) (Document No. 12) is **GRANTED**.

2. Defendant shall pay to Richard Urick, Esquire, counsel fees of $3,753.00 for services performed at the District Court level, plus costs of $350.00, for a total of $4,103.00.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:  Richard Urick
   McMillen, Urick, Tocci, Fosse & Jones
   2131 Brodhead Road
   Aliquippa, PA 15001
   Email: rurick@yourlawfirm.net

   Albert Schollaert
   United States Attorney's Office
   700 Grant Street
   Suite 4000
   Pittsburgh, PA 15219
   Email: albert.schollaert@usdoj.gov